## THE PEORIA, PEKIN AND JACKSONVILLE R. R. Co.

### *v.*

## THE PEORIA AND SPRINGFIELD R. R. Co.

1. EMINENT DOMAIN—*railroad property not exempt from the exercise of.* The lands of railroad corporations not actually in use by them, or not absolutely necessary for the enjoyment of their franchises, are subject to be taken under the exercise of the right of eminent domain, under legislative authority, the same as lands of individuals, though they may be taken from the actual and profitable use of the owners.

2. RIGHT OF WAY—*proper judgment on condemnation.* It seems the jury, in a proceeding to condemn lands for the use of a railroad company, must assess the compensation to be paid the owner in a gross sum, which

should be entered as the judgment of the court. The judgment must be an order authorizing the petitioner to enter upon the land and use the same, upon payment of the compensation found by the jury, but there should be no award of execution therefor.

APPEAL from the County Court of Peoria county; the Hon. JOHN C. YATES, Judge, presiding.

Messrs. JOHNSON & HOPKINS, for the appellant.

Messrs. INGERSOLL & McCUNE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in the Peoria county court by appellees, a railroad corporation, created by an act of the general assembly of this state, against appellants, another like corporation, to condemn certain lands of the latter for the railroad purposes of the former.

It appears appellees had condemned lands for the purposes of their railroad, but to obtain access to them it was necessary to pass over the lands claimed by appellants, and of which they had obtained a lease subsequent to the time appellees had acquired the lands.

The court granted the prayer of the petition against the objections of appellants, who bring the record here.

The principal point raised, and argued at great length by appellants, is, that lands once appropriated by a railroad, can not be interfered with in any manner by a rival road. In other words, that a railroad corporation to whom has been granted the usual powers conferred upon such companies, can not exercise the right of eminent domain by legislative grant, in case such exercise would interfere with the property of another railroad corporation, to whom like powers have been granted, and which they have exercised. The argument, when reduced to its proper measure, is, that whilst the land of all other persons and corporations lying on the route of a

176 P. P. & J. R. R. Co. *v.* P. & S. R. R. Co. [Sept. T.

Opinion of the Court.

railroad is subject to the power of eminent domain, that belonging to a railroad company is not thus subject—such land must remain intact.

We can not assent to this proposition. It appears from the record that the land in question was not acquired by the appellant company by condemnation for railroad purposes, but that after appellees had, by that proceeding, obtained the land for their purposes, appellants obtained a lease of the land in controversy, with a view, it would seem, of obstructing appellees in the enjoyment of their franchise. The proof shows that this land is neither eligible nor necessary for any purpose to appellant company, whilst it is indispensable to appellees; that whilst it is in the power of appellants to obtain land more suitable for their purposes, it is not in the power of appellees to obtain any land but the piece in question for their purposes.

The act of the general assembly creating these corporations nowhere exempts their lands, not in actual use for railroad purposes, from condemnation. This is a plain case where one company, to thwart the views and embarrass or wholly obstruct the operations of a rival company, procures a lease of land necessary to the enjoyment by one company and not necessary for the other, and thus provided, insists upon an immunity which no other lessee can claim, and no property owner can assert against the claim of a railroad corporation, to subject it to condemnation. It does not appear, by the testimony in the cause, that appellants will be deprived, by this proceeding on the part of appellees, of any of their franchises, or embarrassed in any degree in their exercise. On what ground, then, can this claim of appellants rest? We fail to perceive any plausible, much less any substantial, ground. The land of railroad corporations not actually in use by such company, or absolutely necessary for the enjoyment of their franchise, must be upon the same footing as the land of an individual, though that may be taken even from the

actual and profitable use of the owner. We perceive no reason why, in this respect, railroad companies would claim and be allowed immunities not accorded to individual proprietors. The legislature has made no exception in their favor, and none in reason can be made.

Appellees have assigned cross errors on this record, principally as to the form of the entry of the judgment and awarding execution. The statute provides that the judge or court shall, upon the report of the jury, proceed to adjudge and make such order as to right and justice shall appertain, ordering that petitioner enter upon such property and the use of the same upon payment of full compensation, as ascertained as aforesaid; and such order, with evidence of such payment, shall constitute complete justification of the taking of such property. Laws of 1872, § 10, p. 404.

It would seem from this, that the jury must find a gross sum as compensation, which is entered as the judgment of the court, but no execution can issue therefor, for it is optional with the petitioner to take or refuse the land. The statute is explicit, the judgment of the court must be an order authorizing the petitioner to enter upon the land, and use the same, upon his paying the compensation found by the jury. Until that is done, the petitioners have no rights in the land, and can not enter upon it. This statute evidently contemplates cases where possession has not been taken, by the railroad company, of the land.

We are of opinion the county court properly held this strip of land was subject to condemnation under the proceedings instituted, but there was error in the entry of the judgment awarding an execution thereon. The statute should be substantially pursued. The judgment is reversed on the cross error assigned, and the cause remanded to the county court with directions to enter judgment in accordance with section 10 of the act of 1872, above cited.

*Judgment reversed.*