SOUTHERN CALIFORNIA RAILWAY COMPANY v. SOUTHERN PACIFIC RAILROAD COMPANY et al.

No. 19,553; February 27, 1896.

43 Pac. 1123.

**Deed—Conveyance Subject to Easement for Street.**—After a conveyance in fee of a strip of land known as a certain avenue, subject only to an easement in the public for road purposes, the grantor has no interest therein which he can convey to a subsequent grantee.

**Railroad—Wrongful Acts in Street.**—An Ordinance Granting a Railroad company the right to enter upon and construct a track through a public street does not operate to justify wrongful acts of such company as trespassers prior to the passage of such ordinance.

**Railroad—Injunction Against Constructing Road.**—Where defendant railroad corporation has been perpetually enjoined from en-

tering upon and constructing its road over private lands, such injunction must be modified so far as it prohibits the exercise of rights subsequently acquired by defendant under right of eminent domain.

APPEAL from Superior Court, San Bernardino County.

Action by the Southern California Railway Company, a corporation, against the Southern Pacific Railroad Company and the Pacific Improvement Company, corporations, and others, to restrain the construction or maintenance of a railroad track. From a judgment in favor of plaintiff and from an order denying a motion for a new trial defendants appeal. Affirmed.

Harris & Gregg for appellants; W. J. Hunsaker for respondent.

SEARLS, C.—This action is brought to restrain the defendants from constructing or maintaining a railroad track, and to compel them to remove all tracks and lines of track from a certain strip of land one hundred feet in width, and commonly known as "Park avenue," situate and being in the county of San Bernardino, and owned, possessed and appropriated by the plaintiff for the purposes of a railroad; also, to recover from defendants $1,000 damages for injuries to said strip of land. The plaintiff had a decree in its favor, whereby it was adjudged that it was the owner of the land described in the complaint; that neither of the defendants had any right, title or interest therein or thereto, and perpetually restraining them and each of them from entering upon said land and premises, and from constructing, maintaining, or operating any line or lines of railroad, etc., thereon, and requiring them to remove therefrom, within ten days, all roads, tracks, ties, rails, switches, etc., and awarding plaintiff damages in the sum of one dollar, and denying to defendants the relief sought in their answer and cross-complaint. Defendants appeal from the decree, and from an order denying their motion for a new trial.

A very few facts will serve to illustrate the only important questions involved in this case. Plaintiff and defendant the Southern Pacific Railroad Company are both railroad corporations, and the defendant the Pacific Improvement Company is a corporation, and, as a contractor, was performing

19

for the other corporation defendant the grading, track-laying, etc., spoken of hereafter. The city of Redlands is a municipal corporation in the county of San Bernardino, and the strip of land described in the complaint, and known as "Park avenue," is a public street in said city. In 1886 one W. F. Summers was the owner in fee of the tract of land described as "Lugonia Park," including Park avenue aforesaid. In December, 1886, Summers contracted to sell all the land described in the complaint to George L. Cook and A. L. Park within eight months. Cook and Clark, on the twenty-eighth day of November, 1887, conveyed the strip of land, one hundred feet wide, known as "Park avenue," to the Central Railway Company, reserving from the conveyance "the right to use all of the above land not used by the railroad track for a public road or drive." The Central Railway Company constructed a railroad longitudinally through the center of said Park avenue, and the present plaintiff, by consolidation, has succeeded to all the rights and property of the former owner. Summers consummated his agreement to convey to Cook and Park by a deed of conveyance. The railroad of plaintiff is an ordinary steam railroad, constructed and operated for the transportation of freight and carriage of passengers. Subsequent to the purchase of the fee in said avenue by the grantor of plaintiff, and subsequent to the construction of its railroad, the defendant railroad corporation projected and located a like railroad, for like purposes through and over said Park avenue.

The basis of defendants' claim to a right in Park avenue is: (1) A conveyance to the Southern Pacific Railroad Company by deed of September 18, 1891, by W. F. Summers, of a strip of land thirty and one-half feet wide on the south side of said Park avenue, reserving all of the above-described land not occupied by the railroad track for a public road or drive. (2) An ordinance of the board of trustees of the city of Redlands passed March 2, 1892, authorizing the Southern Pacific Railroad Company to lay down, maintain, and use a railroad track upon and along the southerly thirty and one-half feet of Park avenue. This action was commenced December 31, 1891, and on the twenty-third day of November, 1892, defendants, by a supplemental answer and supplemental cross-complaint, set up the passage of the ordinance above mentioned. The allegations of the complaint and findings

of the court are sufficient to warrant the judgment if defendants were not entitled to enter upon and interfere with the track, right of way and property of plaintiff thereon. The deed to plaintiff's predecessor being prior in time to that to the railroad defendant, and conveying in fee the whole of Park avenue, subject only to an easement in the public for road purposes, the defendants acquired no right thereto by the subsequent conveyance; and hence, at the date of their intrusion upon the property and rights of plaintiff, defendants were trespassers.

Whatever rights were conferred upon defendants by the ordinance granting to the Southern Pacific Railroad Company the right to construct its road through Park avenue, it could not operate to justify or extenuate the wrongful acts of the defendants perpetrated many months prior to the passage of such ordinance. So, too, it is probable that defendants could not by and under such an ordinance so far justify their active interference with the plant of plaintiff, and thereby prevent the issuing of a perpetual injunction against them. We deem this question of little importance here, for these reasons: Subsequent to the rendition of the decree and perpetual injunction in this case, the Southern Pacific Railroad Company commenced an action against the plaintiff herein, under the right of eminent domain, to condemn a right of way for its railroad over the southerly side of this same Park avenue, and such proceedings were had therein that a right of way was condemned to the plaintiff therein for its said railroad through said avenue; and upon an appeal to this court the judgment of condemnation was affirmed, on the thirty-first day of January, 1896: See 111 Cal. 221, 43 Pac. 602. By virtue of the title acquired by the Southern Pacific Railroad Company in said condemnation proceedings, it will become the duty of the superior court in and for the county of San Bernardino, upon application, to so modify its perpetual injunction herein that it shall not apply to or prohibit the exercise of the rights obtained under the judgment in condemnation.

It follows that except as to the matter of one dollar damages awarded to plaintiff, and as to costs. this cause is and has become mainly a moot case, not calling for extended discussion. We think the evidence justified the findings and

the latter support the decree. The judgment and order appealed from should be affirmed.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.