EUREKA & K. R. R. CO. v. CALIFORNIA & N. RY. CO.

(Circuit Court of Appeals, Ninth Circuit.  May 6, 1901.)

No. 659.

1. INJUNCTION—GROUNDS—PROCEEDINGS TO CONDEMN RIGHT OF WAY.
    Where a railroad company has instituted suit under Code Civ. Proc. Cal. §§ 1240–1247, against the owners of property, to condemn right of way, a court of equity will not, on its application, enjoin the prosecution of suits begun by a second company for condemnation of the same land, since the statute permits all parties in interest to appear in such suits, and authorizes the court to determine the respective rights of different parties seeking condemnation of the same property.

**2. EQUITY JURISDICTION—PREVENTING MULTIPLICITY OF SUITS.**

Equity will take jurisdiction on the ground of preventing a multiplicity of suits only where it appears from the allegations of the bill that the rights of all the parties involved in the subject-matter of the controversy can be as fully and completely determined in such single suit as they could be in the several suits.

Appeal from the Circuit Court of the United States for the Northern District of California.

The Eureka & Klamath River Railroad Company, the appellant above named, filed in the superior court of the county of Humboldt, state of California, its bill in equity against the California & Northern Railway Company, the appellee, alleging, in substance, that the appellant is a corporation incorporated under the laws of the state of California for the purpose of constructing and operating a line of railroad in Humboldt county, in that state, from Eureka by ferry to Samoa, and from Samoa by rail by way of Arcata to a point opposite the mouth of Hunter creek, on the Klamath river, with one branch from Arcata, around the east shore of Humboldt Bay, to Eureka; that, under its articles, the appellant immediately began the construction of its railroad, and has put in operation its road from Eureka by ferry to Samoa, thence by rail to Arcata, etc.; that in February, 1899, it located and commenced the construction of its branch line from Arcata around and upon the east shore of Humboldt Bay to Eureka, a distance of about eight miles, and has now engaged in such construction a large number of laborers, and has expended therein about $100,000; that, at the expense of $60,000, the appellant has purchased and acquired a parcel of land in the city of Eureka for railroad purposes, passenger and freight depot grounds, freight yards, roundhouses, etc., and that it is necessary that it shall acquire a certain described right of way, 30 feet in width, and nearly a mile in extent, in the city of Eureka, to its said terminal grounds; that, for the purpose of acquiring said right of way, it began in said superior court for Humboldt county on January 30, 1899, three several suits, "by filing complaints" against the owners of the lands over which said right of way runs, which suits are still pending; that in February, 1900, the appellee was incorporated under the laws of the state of Nevada for the purpose of constructing, owning, and operating a line of railroad from Eureka to Crescent City, in the state of California, and that on March 13, 1900, with the object of hindering and delaying and preventing the appellant from completing its said railroad from Arcata into the city of Eureka, and to its said terminal grounds, the appellee commenced in said superior court three actions, in which it seeks to condemn the identical parcels of land so sought to be condemned by the appellant, and for that purpose it is conspiring with the several owners of said lands to hinder and delay and obstruct and prevent the appellant from completing its said road into the city of Eureka, and that said actions are fictitious and are not prosecuted in good faith; that the parties in said conspiracy are pretending to prosecute said actions for the purpose of obtaining judgment condemning the said parcels of land for right of way for the appellee for its intended road; that the appellee has not commenced the construction of any railroad, or expended any money therein, and unless it be enjoined the appellant will be irreparably damaged, and its franchise to complete its road to its depot grounds in Eureka will be lost; that all said appellee's acts were done for the purpose and with the intent to deprive the appellant of its right to construct its road into Eureka. The prayer for relief is that the appellee be enjoined from prosecuting any of the three actions, and that it be enjoined from building a railroad or instituting suits to condemn a right of way, or exercising any of the rights or powers of a railroad company over any portion of the appellant's located right of way. The case was removed by the appellee to the circuit court of the United States for the Northern district of California, and that court sustained a demurrer to the bill for want of equity, and dismissed the suit. 103 Fed. 897.

C. M. Wheeler and S. M. Buch, for appellant.

Crothers & Crothers and Campbell, Metson & Campbell, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Did the circuit court err in sustaining the demurrer to the bill? The appellant contends that a case of equitable cognizance is presented, for the reason that it appears from the bill that the appellee, unless enjoined from prosecuting its condemnation suits, will invade the vested rights of the appellant; and it invokes the doctrine that where a railway company locates its line of route, and proceeds with due diligence in the construction of its road, it acquires a vested and exclusive right to place and operate its road upon the line so located, and another company will be enjoined from interfering therewith. The bill, however, does not show that the appellant has acquired title to the right of way of the road which is in construction, nor that the appellee is trespassing thereon, or in any way actually interfering with the appellant's occupation thereof. The substance of the averments of the bill is that the appellant has surveyed and located its right of way, and has filed three complaints for condemnation of a certain specified portion thereof, and that at a later date the appellee has commenced three actions for the condemnation of the same portions of the right of way, and that nothing further has been done in any of the actions. The Code of Civil Procedure of California (section 1246) makes the following provisions in regard to such actions:

"All persons in occupation of, or having or claiming an interest in any of the property described in the complaint, or in the damages for the taking thereof, though not named, may appear, plead, and defend, each in respect to his own property or interest, or that claimed by him, in like manner as if named in the complaint."

It is clear from this provision that the appellant has the right to intervene in the actions brought by the appellee, and therein assert all its rights and secure all the protection which could be afforded by the present suit. The remedy at law, therefore, is adequate and complete. It extends to every question which is presented in the bill.

It is earnestly contended by the appellant that a ground of equitable jurisdiction is presented in the bill, in that, according to its allegations, a multiplicity of suits will be avoided. The suits which are sought to be enjoined have already been begun by the appellee. The bill does not state whether or not the appellant has been made a party thereto. If it be not yet a party, it has the right to intervene and be made a party. Equity in certain cases will entertain a suit brought by a single party plaintiff against a single party defendant, where the sole ground of equitable jurisdiction is the prevention of a multiplicity of suits, but it will do so only upon allegations of the bill which show that in such single suit the rights of all the parties involved in the subject-matter of the controversies may be determined as fully and completely as if the several suits had been prosecuted to their conclusion. Pom. Eq. Jur. § 254. The bill in the present case makes no such showing. It is a suit by one corporation

to enjoin another from prosecuting three several actions which have been begun by the latter, not against the complainant in the bill, but against parties none of whom are brought into the present suit. It is evident at the first glance that upon the case made in the bill the court may not be able to do full and complete justice in the premises, and in the one suit determine all the matters which may be at issue in the three actions. The sole object of the bill is to enjoin the appellee from proceeding with the actions at law. It presents reasons not for drawing into one suit in equity all the matters that are involved in those actions, but reasons for denying the right of the appellee to prosecute the actions. If, upon issue joined and proofs taken, the appellant should fail to sustain his allegations, the substantial rights of both parties to this suit, and of all the parties defendant to the condemnation suits, would still remain to be adjudicated in the several actions which are pending. It is in the very inconclusiveness of the result that may be attained in a suit such as this that the objection to the jurisdiction of a court of equity on the ground of preventing a multiplicity of suits consists. The court cannot see with certainty that the suit will end the litigation. The condemnation of a tract of land for a right of way by a railroad under the statutes of California does not necessarily exclude another company from obtaining rights in the same tract. In section 1240 of the Code of Civil Procedure it is said that all rights of way so taken shall be subject to be connected with, crossed, or intersected by any other right of way. "They shall be also subject to a limited use in common with the owner thereof when necessary." While the appellant may have the prior right of condemnation, the appellee may possibly, nevertheless, acquire rights in the same premises, or a portion thereof. Southern Pac. R. Co. v. Southern Cal. Ry. Co., 111 Cal. 222, 43 Pac. 602. We think the demurrer to the bill was properly sustained. The decree will be affirmed.