(No. 10937.—Reversed and remanded.)
THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF BUR-
GESS, Appellees, *vs.* JACOB HOHMEYER, Appellant.

*Opinion filed June 21, 1917.*

1. HIGHWAYS—*when award of damages for land taken for high-way will not be disturbed on appeal.* Where the damages awarded for land taken for a highway are clearly within the range of the conflicting testimony of the various witnesses and the jury has viewed the premises, the amount of damages awarded will not be disturbed on appeal.

2. SAME—*cost of necessary fencing occasioned by laying out a new road is a proper element of damages.* The cost of necessary fencing occasioned by the laying out of a new road is a proper element of damages to be considered and the land owner is entitled to recover therefor, as the measure of damages in such a proceeding is not the difference in the value of the land before and after the road is laid out.

3. SAME—*land owner cannot be taxed with costs on appeal in proceeding to award damages for laying out road.* Where private property is taken or damaged for public use just compensation can not be made to the property owner if he is compelled, at his own cost, to prosecute in the courts for his just rights, and where a land owner appeals from a judgment of a justice of the peace in a proceeding for damages for laying out a road on his land he cannot be taxed for costs in the court appealed to, although he loses by the appeal, as the trial on the appeal is *de novo.*

4. CONSTITUTIONAL LAW—*section 89 of Road and Bridge act is invalid.* Section 89 of the Road and Bridge act, in so far as it purports to authorize the adjudging of costs against a land owner who appeals from a judgment of a justice of the peace in a proceeding to award damages for laying out a road, is unconstitutional.

DUNCAN, J., dissenting.

APPEAL from the Circuit Court of Bond county; the Hon. GEORGE A. CROW, Judge, presiding.

JOSEPH P. STREUBER, CICERO J. LINDLY, and C. E. DAVIDSON, for appellant.

COOK & MEYER, and JOHN D. BIGGS, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The highway commissioners of the town of Burgess, in Bond county, granted the prayer of a petition to lay out a new road over the lands of Jacob Hohmeyer, appellant, and others. In a trial before a justice of the peace a jury awarded appellant $113.90 for lands taken and nothing for damages to lands not taken. He, with other land owners, took an appeal to the circuit court of Bond county, where two trials were had. In the first trial the jury returned a verdict in favor of appellant for $96.48. This verdict was set aside and a new trial granted. On a second trial appellant was awarded $93.80 for lands taken and nothing for damages to lands not taken. Judgment was rendered on this verdict, and appellees were adjudged to pay the costs in the justice court and appellant and other defendants were jointly adjudged to pay the costs in the circuit court. From this judgment appellant has perfected this appeal.

It is contended (1) that the damages as awarded are insufficient; (2) that the court erred in excluding testimony in reference to the cost of necessary fencing; and (3) that the court erred in assessing costs in the circuit court against appellant.

The damages awarded are clearly within the range of testimony of the various witnesses. The jury viewed the premises. Under these circumstances, as the testimony was conflicting, the amount of damages awarded will not be disturbed on appeal.

Witnesses on behalf of appellant testified that the opening of the road would make it necessary for appellant to erect new fences in order to enclose his lands not taken. The court excluded testimony as to the damages which would be occasioned by the erection of necessary fences, holding that the cost of the erection of necessary fences is speculative and conjectural and not a proper element for consideration in the case. In this holding the court erred. The cost of necessary fencing occasioned by the laying out

of a new road is a proper element of damages to be considered and the land owner is entitled to recover therefor. (*Schlattweiler* v. *St. Clair County,* 63 Ill. 449.) Appellant should have been permitted to prove the fact that he would be required to erect fences to enclose the lands not taken and to prove the cost of erecting and maintaining the same as an element of the damages he would sustain because of laying out the road. The measure of such damages is not the difference in the value of the land before and after the road is laid out, as appellees contend.

The cases relied upon in support of this contention are not in point. Those are cases where railroad companies were condemning land for right of way purposes, and we held that inasmuch as the law did not require the railroad company to fence the right of way for six months after the land was taken, the land owner had the right to prove his damages, if any, which were caused by the fact that his land would be open and unenclosed for a period of six months. In those cases the railroad company, and not the land owner, was required to erect and maintain the fences, and the measure of damages was fixed with that situation in view. In this class of cases the land owner is required to erect and maintain the necessary fences, the cost of which can be readily and definitely ascertained and constitutes the measure of the land owner's damages in that respect.

The constitution provides that private property cannot be taken or damaged for public use without just compensation, and that such compensation, when not made by the State, shall be ascertained by a jury as shall be prescribed by law. Where private property is taken or damaged for public use just compensation cannot be made to the property owner if he is compelled to prosecute in the courts for his just rights at his own costs. (*Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 Ill. 141; *Epling* v. *Dickson,* 170 id. 329.) Under the Road and Bridge act, when the prayer of a petition for the laying out of a new

road has been granted and the commissioners and land owners are unable to agree upon the damages, the commissioners are required to present a certificate reciting the facts to some justice of the peace of the county, who shall summon a jury to assess the damages. By section 88 of the act it is provided that any person interested in the verdict of the jury assessing damages may appeal from such decision to the county or circuit court. Section 89 provides that any party taking such appeal shall file a bond with the justice of the peace, conditioned for the payment of the costs in case the verdict of the jury is sustained or the appeal dismissed. Relying upon the fact that the verdict upon appeal in the circuit court was for a less sum than that awarded by the jury before the justice of the peace, appellees contend that by virtue of section 89 and the bond given by appellant the action of the court in adjudging costs against the appellant was proper. Appellant, on the other hand, contends that section 89, in so far as it provides for the adjudging of costs against the land owner, is unconstitutional. The constitution provides that the compensation for private property taken or damaged for public use shall be ascertained by a jury. It is within the discretion of the General Assembly to provide whether a land owner shall be allowed one or more trials before a jury. On appeal from the judgment of the justice of the peace the trial in the county or circuit court is *de novo,* and the whole matter is again presented to a jury just as though no trial had been had before the justice of the peace. As a land owner must be paid his award over and above the costs of the proceedings to determine the amount of his compensation, it is clearly contrary to the constitution to adjudge against him the costs of the trial to assess the damages.

The judgment of the circuit court is reversed and the cause is remanded.        *Reversed and remanded.*

Mr. JUSTICE DUNCAN, dissenting.