(No. 19153.

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* D. A. McBRIDE *et al.*—(CHARLES M. BALDWIN *et al.* Appellants.)

*Opinion filed February 21, 1930.*

GEORGE B. WHITE, and S. E. QUINDRY, for appellants.

OSCAR E. CARLSTROM, Attorney General, and THOMAS J. LAYMAN, (HARLINGTON WOOD, of counsel,) for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

The Department of Public Works and Buildings filed its petition in the circuit court of Franklin county against numerous persons, including the four appellants, Charles M. Baldwin, David N. Dees, Thomas Eubanks and Giacoma Beoletto, to condemn a strip of ground about seventy feet wide to be used as a new location for a public road known as section 126 of Route 148, under the Second Bond Issue act. Appellants filed answers, and they also filed cross-petitions asking for damages to lands not taken. There was a trial by jury, a separate verdict was returned for each tract of land, a motion for a new trial was overruled, judgment was entered upon the verdict, and an appeal has been prosecuted to this court.

It is insisted by appellants that no preliminary showing was made as to the right of appellee to condemn, and that proof should have been made that the new location sought to be condemned constituted such a minor change in the location of the road as was authorized to be made under the statute. Appellants are in no position to raise this question. In a condemnation case, where the land owners appear and consent to the selection of the jury and contest the case upon its merits they waive the right to question the authority of the petitioner to condemn, and they can-

not, when disappointed as to the amount of the award, retrace their steps and contest the questions, which were clearly preliminary to a jury trial. (*Lieberman* v. *Chicago and South Side Rapid Transit Railroad Co.* 141 Ill. 140; *Ward* v. *Minnesota and Northwestern Railroad Co.* 119 id. 287.) While the answers of appellants deny the right of appellee to condemn, appellants did not seek a preliminary hearing on that issue but proceeded without objection to participate in a trial on the merits. By so doing they waived the question of the right of appellee to condemn.

Complaint is made that in the instructions as to the form of verdict the number of acres in each piece sought to be condemned was erroneously stated, that the evidence was in conflict as to these amounts, and therefore the instructions assumed a disputed fact, which was error. The petition stated the number of acres sought to be taken from each defendant. The answers, in some instances, alleged a slight increase in acreage. The only evidence offered as to the acreage was by one witness offered by appellee. No evidence was offered on that point by appellants, and therefore the evidence was not in conflict. The case was tried by both sides on the theory that the acreage proven by appellee was correct. It is not ground for the reversal of a judgment that an instruction assumes as proven, facts which are established by the evidence without contradiction. (*Shults* v. *Shults,* 229 Ill. 420; *Citizens' Ins. Co.* v. *Stoddard,* 197 id. 330; *Illinois Central Railroad Co.* v. *King,* 179 id. 91.) If the acreage proven by appellee was not correct appellants should have offered evidence as to the true acreage. They did not do so, and in the absence of such proof they have no cause to complain if the correct acreage was not made the basis of computation by the jury.

The evidence shows that the house belonging to appellant Beoletto was on the strip of ground sought to be condemned and that it was worth from $800 to $1200. The court, over the objection of Beoletto, permitted appellee to

prove that it would cost about $300 to move the house about 200 feet off of the strip. The evidence shows that Beoletto owned the land on both sides of the strip. The jury allowed $50 as the value of the land taken and $325 as damages to land not taken. Beoletto insists that he was entitled to the full fair cash market value of the house, that he was not required to move the house, and that the court was in error in admitting evidence as to the cost of moving it. In American and English Encyclopedia of Law (vol. 10, p. 1158,) it is said: "Some opinions hold that the owner is entitled to remove improvements from the land and recover the cost of the removal. If he prefers to leave the improvements on the land he can generally recover for them unless there is a statute to the contrary." In 20 Corpus Juris, 590, it is said: "In the absence of statutory prohibition, a dwelling house or other building may be taken or removed under the right of eminent domain like any other species of real estate; and the legislature may provide that in taking lands the buildings may be taken absolutely, or that no interest in the buildings shall be taken but the owner may be compelled to remove them off of the part taken, in case he has land left upon which they may be removed." To the same effect is 15 Cyclopedia of Law and Procedure, 604. In *Lafayette, Bloomington and Mississippi Railroad Co.* v. *Winslow,* 66 Ill. 219, on page 222, it was said: "If a building stands in the way of the road which it is necessary to destroy, its value must be paid by the corporation, and the jury, in estimating its value, will take into consideration not the value of the materials composing the building but the value of the building as such. Should any of the debris remaining on its removal or destruction be appropriated by the owner of the land, to the extent of its value will the claim of the owner be lessened." In *West Chicago Masonic Ass'n* v. *City of Chicago,* 215 Ill. 278, it was held that if in a proceeding to condemn land to widen a street the improvement requires the removal of

the front of a building for one-third of its depth, the defendant is entitled to have the jury instructed that if the building is susceptible of reconstruction such reconstruction must be subject to the ordinances of the city, which, under the evidence, would require heavy re-enforcement, and that in awarding damages for the taking of a portion of a building for the purpose of widening a street, the jury must either consider the remainder of the building as worthless and allow the whole value of the building, or consider what can be done with the remainder and the cost of doing so. Our statute does not contain any provision requiring the owner to remove buildings from the land taken. Section 1 of the Eminent Domain act provides that private property shall not be taken for public use without just compensation, and it has been held that the correct measure of damages for land taken is the fair cash market value of the land on the date the petition is filed. (*Village of Oak Park* v. *Hulbert,* 307 Ill. 270; *City of Chicago* v. *Witt,* 289 id. 520.) Section 9 of the statute provides that the owner of property shall receive full compensation for land taken, and that no benefits or advantages which may accrue to property or land affected shall be set off against or deducted from such compensation; and this was held to be the law in *Department of Public Works* v. *Griffin,* 305 Ill. 585. The house in question was a part of the real estate and was located on the land actually taken. The owner made no agreement to move the house and accept in payment the cost of moving it, and there is no statute requiring him to do so. He was entitled to the full fair cash market value of the land taken and the building located thereon. The court was in error in admitting evidence as to the cost of moving the building.

Appellant Baldwin insists that the court improperly refused to permit him to prove which way his house would front on the new road; refused to permit him to prove that he would have to cross the road every time he went

to the field, open two gates and look out for traffic on the road; and refused to permit him to prove what damage it would be to his property if his buildings were located a quarter of a mile from the main traveled road. The true measure of damages for land not taken is the difference between the fair cash market value of the property unaffected by the improvement and its fair cash market value as affected by it. Benefits to land not taken may be set off against damages to lands not taken. Damages must be direct and proximate and not such as are merely speculative and remotely contingent. (*Illinois Power Co.* v. *Wieland,* 324 Ill. 411.) In *Department of Public Works* v. *Caldwell,* 301 Ill. 242, it was held that the owner of property taken for a State highway was not entitled to speculative damages for dangers attending the crossing of the highway although the proposed road would separate his premises from a small stock-yard and loading chute located on a railroad right of way adjacent to the land; that where property to be taken runs parallel with the right of way of a railroad the owner is not entitled to have the cost of constructing and maintaining a fence between the proposed road and the land not taken included in the compensation for land taken, although the road will deprive him of the use of a fence which the railroad company was compelled to maintain along its right of way, but it was held that the property owner was entitled to have that question considered in estimating·damages to land not taken. In determining the damages to land not taken it is proper to take into consideration the effect of the change of the road upon the buildings, their accessibility, and items of like character. It is claimed in this case that the construction of the ·new road will cause the abandonment of existing highways on which certain buildings were located and that the new highway will not pass in front of the buildings. Such evidence was admissible for the purpose of showing damage to property not taken. The court should have admitted all

of the evidence to which objection was made except the evidence that Baldwin would be required to cross the road, open gates, and the danger incident thereto.

The judgment entered upon the verdict made no provision for the payment of costs. Where private property is taken or damaged for public use the owner's costs are a part of the just compensation provided by law and should be included in the compensation awarded. (*Commissioners of Highways* v. *Hohmeyer,* 279 Ill. 66; *Epling* v. *Dickson,* 170 id. 329.) The judgment should have made provision for the payment of costs by appellee.

The record contains errors as to the land of each appellant, and the judgment is reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.
*Reversed and remanded.*