EDWARD NANCE, ADMINISTRATOR OF THE ESTATE OF WESLEY NANCE, DECEASED, ET AL., No. 2012, CLYDE E. HOWE, No. 2013, BERT NICHOLS AND WILLIAM NICHOLS, No. 2014, BERT KING, No. 2015, STEWARDSON HOMESTEAD AND LOAN ASSOCIATION, A CORPORATION, No. 2322, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

GUY L. SMITH AND JOHN W. FRIBLEY, for claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

All of the above claims arise by reason of the construction by the respondent of S. B. I. Route 128 on Main Street in the Village of Cowden. All of such cases involve the same subject matter and all of the claimants are represented by the same counsel, and by agreement of all parties concerned, the cases have been consolidated for the purpose of this hearing.

The Village of Cowden is situated in Shelby County, and had a population of 600 by the last census. The main street of the village extends in a northerly and southerly direction, and is intersected at grade, in the center thereof, by the tracks of the Nickel Plate and the B. & O. Railroads, which also intersect each other at that point. The Nickel Plate Railroad extends in an easterly and westerly direction, and the B. & O. Railroad extends in a northwesterly and southeasterly direction. The tracks of said railroads, at the point of the intersection thereof, were originally on the same level as Main Street, but were elevated many times over a course of years, so that at the time of the construction of S. B. I. Route 128, said tracks at the point aforementioned, were approximately two (2) feet above the level of the surrounding ground. When

S. B. I. Route 128 was constructed, a gradual grade was established on said Main Street to meet the intersection of said railroad tracks, which resulted in a gradual rise from a point 327 feet north of the center of the Nickel Plate track to the intersection, and a gradual descent from that point to the south for a distance of 330 feet.

The concrete slab on S. B. I. Route 128 is in the center of Main Street, and varies in width, being widened out as it approaches the intersection so as to provide a safety island in the center for railroad traffic signal devices. The property of the claimant Howe is situated south of the Nickel Plate Railroad, on the west side of Main Street. The property of the other claimants is situated north of the Nickel Plate Railroad, on the east side of Main Street.

As a result of the construction of such highway as aforesaid, the grade of Main Street was raised in front of the properties of the several claimants, such grade north of the Nickel Plate Railroad ranging from zero to one foot, nine inches. Concrete retaining walls were erected along the side of the highway in front of the properties of the respective claimants, such retaining walls on the east side of Main Street, north of the Nickel Plate Railroad, being approximately ten (10) inches or one (1) foot above the level of the present roadway. The shoulder on the roadway between the concrete slab and the retaining wall is level and is surfaced with crushed rock. Prior to the construction of S. B. I. Route 128, Main Street was an ordinary dirt road.

As is usual in cases of this kind, there was considerable discrepancy in the testimony of the various witnesses, and it will serve no useful purpose to set the same forth at length herein. We will therefore refer but briefly thereto.

No. 2012.

EDWARD NANCE, ADMR., ET AL.

Proceeding in a northerly direction from the Nickel Plate track, on the east side of Main Street, the first property on the right is the Nance property. The title to this property was in Wesley Nance at the time of his death. Wesley Nance died on September 8, 1930, leaving him surviving Julia Nance, his widow; Nora Nicholas, Frances Sanford, Stuart Nance, Edward Nance, Agnes Lockard, and Gussie Swallow, his

children; Vera Fogel, Winnie Lance, Louis Nance, and Grace Frye, his grandchildren, being the children of Logan Nance, a deceased son of said Wesley Nance; and Catherine McDaniel and Edward George, his great-grandchildren, being the children of Vica George, a deceased granddaughter of said Wesley Nance; as his heirs.

This claim has been filed in the name of the administrator and heirs-at-law for the recovery of the damages which they claim their property has sustained by reason of interference with the access thereto as the result of the construction of the improvement in question.

This property has a frontage of eighteen (18) feet on the street. At the time the construction of the improvement commenced, such property was improved by a one-story frame business building which was in very poor condition and repair. and was thereafter destroyed by fire. Near the south property line there are three steps leading from the concrete sidewalk to the roadway.

The concrete retaining wall is two feet eight inches above the level of the sidewalk at the north property line, and two feet nine inches above the level of the sidewalk at the south property line.

## No. 2015.

### Bert King.

The next property north of the Nance property is that of Bert King, which property has a frontage of thirty and one-half (30½) feet on the street and is improved by two dilapidated frame structures, each being one-story in height, one having a frontage of eighteen and one-half (18½) feet and the other of twelve (12) feet.

The concrete retaining wall is two feet five inches above the level of the sidewalk at the north property line, and two feet eight inches above the level of the sidewalk at the south property line.

Claimant contends that that his property has been depreciated in value as the result of the construction of the improvement in question by interference with the access thereto, and also claims that he is entitled to damages which he has sustained by interference with his restaurant business during the time the improvement was under construction.

## No. 2322.

### STEWARDSON HOMESTEAD AND LOAN ASSOCIATION.

The next property north of the King property is the Stewardson Homestead and Loan Association property which has a frontage of twenty (20) feet upon the street and is improved by a two-story brick building in poor condition and repair.

The concrete retaining wall is two feet above the level of the sidewalk at the north property line, and two feet five inches above the level of the sidewalk at the south property line.

Claimant contends that its property has been depreciated in value as the result of the construction of the improvement in question by reason of the interference with its right of access thereto.

## No. 2014.

### BERT NICHOLS AND WILLIAM NICHOLS.

The next property north of the Stewardson Homestead and Loan Association property is the property of Bert Nichols and William Nichols, and is improved by a two-story brick building in fair condition.

The concrete retaining wall is one foot one inch above the level of the sidewalk at the north property line, and two feet above the level of the sidewalk at the south property line.

Claimant contends that his property has been depreciated in value as the result of the construction of the improvement in question by interference with his right of access thereto.

## No. 2013.

### CLYDE E. HOWE.

This property is located on the west side of Main Street, just south of the Nickel Plate Railroad right-of-way, and has a frontage of 100 feet on Main Street. The grade of the railroad track is about two feet higher that claimant's lot. The property is improved by a two-story frame building which is occupied as a hotel on the first floor and as living quarters by the owner on the second floor; also by a one-story tile moving picture theatre building just south of the hotel building. These

buildings have a total frontage of 50 feet on the street and the remaining 50 feet of the property is vacant. This property was never rented for moving picture purposes, but was used by the owner for that purpose for a total period of approximately two years during the ten years since the building was erected.

The concrete retaining wall along the west side of Main Street commenced at the south railroad right-of-way line and extends in a southerly direction for a distance of approximately seventy-five feet.

The concrete sidewalk in front of the property slopes to the south, and as a result, the retaining wall, which is two feet eight inches above the level of the sidewalk at the north line of the buildings, is three feet five inches above the level of the sidewalk at the south line of such buildings, and then gradually descends to the level of the ground about twenty-five feet north of the south property line.

Claimant contends that his property has been depreciated in value as the result of the construction of the improvement in question by reason of the interference with his right of access, and also claims that he has sustained damages as the result of the interference with his business during the time the improvement was under construction.

There is no evidence to the effect that there was any unreasonable delay in the construction of the improvement in question.

It has been repeatedly held by our Supreme Court that inconvenience, expense, or loss of business necessarily occasioned to the owners of abutting property during the progress of the work by the construction of a public improvement, do not constitute damage to property not taken, within the meaning of the Constitution, but merely a burden incidentally imposed upon private property adjacent to a public work, and without which such improvements can seldom be made, and therefore give no cause of action therefor. *Osgood* vs. *City of Chicago*, 154 Ill. 194; *Lefkovitz* vs. *City of Chicago*, 238 Ill. 23; *Chicago Flour Co.* vs. *City of Chicago*, 243 Ill. 218; *Peck* vs. *Chicago Railways Co.*, 270 Ill. 35, 40.

The above rule has been applied by this court in a number of cases which have recently come before it. *Grassle* vs. *State*, No. 2339, decided at the June, 1934, term; *Samuel Stein, et el.* vs. *State*, No. 2373, decided at the November, 1934, term.

It is also the well settled law of this State that where a property owner's right of access to his property has been destroyed or interfered with, he is entitled to compensation for the damages sustained. *Rigney* vs. *City of Chicago*, 102 Ill. 64; *Barnard* vs. *City of Chicago*, 270 Ill. 27; *Lydy* vs. *City of Chicago*, 356 Ill. 230.

The proper measure of damages where property is not taken but is damaged for public use, is the difference between the fair cash market value of the property prior to the construction of the improvement and unaffected by it, and its fair cash market value after the construction of the improvement and as affected by it. *Dept. of Public Works* vs. *McBride*, 338 Ill. 347; *Dept. of Public Works* vs. *Caldwell*, 301 Ill. 342; *Brand* vs. *Union Elevated Co.*, 258 Ill. 133.

It must also be remembered that benefits to lands not taken may be set off against damages to land not taken, and that the damages to be allowed must be direct and proximate, and not such as are merely speculative and remotely contingent. *Dept. of Public Works* vs. *McBride*, 338 Ill. 347.

Depreciation in the market value of property will not sustain a claim of damages to land not taken unless such depreciation results from a cause which the law regards as a basis for damages. *Illinois Power and Light Corporation* vs. *Talbott*, 321 Ill. 538; *Rockford Electric Co.* vs. *Browman*, 339 Ill. 212.

The principles of law governing the proper measure of damages, and the elements which may be taken into consideration in determining such damages, were exhaustively considered by this court in the case of *Albert J. Moore and Belle Moore* vs. *State*, No. 1957, decided at the present term of court, and no good purpose will be accomplished by a repetition thereof in this case.

This court viewed the premises in question, and considering the evidence submitted, the view of the court, and the principles of law hereinbefore set forth, as well as the principles enunciated in the aforementioned case of *Albert J. Moore, et al.* vs. *State*, No. 1957, we find that the property of each and all of the claimants herein has been depreciated in value as the result of the construction of the improvement in question by reason of interference with the property owners' right of access to the street.

We further find that the depreciation in value of each of said several properties, for which the owners are entitled to compensation, is as follows:

Edward Nance, Administrator of the Estate
 of Wesley Nance, deceased, et al.........Claim No. 2012—$250.00
Clyde E. Howe.........................Claim No. 2013— 850.00
Bert Nichols and William Nichols.........Claim No. 2014— 250.00
Bert King ...........................Claim No. 2015— 400.00
Stewardson Homestead and Loan Association.Claim No. 2322— 300.00

It is Therefore Ordered that awards be and the same are hereby entered in favor of the several claimants herein in the following amounts, to-wit:

Edward Nance, Administrator of the Estate of Wesley Nance, deceased; Julia Nance; Nora Nicholas, Frances Sanford, Stuart Nance, Edward Nance; Agnes Lockard; Gussie Swallow; Vera Fogel, Winnie Lance, Louis Nonce, and Grace Frye; Catherine McDaniel and Edward George; Two Hundred Fifty Dollars ($250.00).

Clyde E. Howe, Eight Hundred Fifty Dollars ($850.00).
Bert Nichols and William Nichols, Two Hundred Fifty Dollars ($250.00).
Bert King, Four Hundred Dollars ($400.00).
Stewardson Homestead and Loan Association, Three Hundred Dollars ($300.00).