(Nos. 1948, 1950, consolidated—

Roy O. Yenerich and Wesley Yenerich, Lester Yenerich and Verda Yenerich, Minors, by Roy O. Yenerich, Guardian and Next Friend, No. 1948, George Beetz, No. 1950, Claimants, vs. State of Illinois, Respondent.

*Opinion filed June 1, 1935.*

Jones & Heflin, for claimants.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The above named claimants have filed their respective claims herein for the recovery of damages which they claim to have sustained as the result of the construction by the respondent of S. B. I. Route 70 along the west side of certain land owned by the claimants Roy O. Yenerich, Wesley Yenerich, Lester Yenerich, and Verda Yenerich. All claimants are represented by the same counsel, and by agreement of all parties concerned, the cases have been consolidated for the purpose of this hearing.

The claimants in No. 1948, Roy O. Yenerich, Wesley Yenerich, Lester Yenerich, and Verda Yenerich, are the owners in fee of the West Half (W½) of the Southwest Quarter (SW¼) of Section Nine (9), Township Thirty-six (36) North Range One (1) East of the Third (3d) Principal Meridian, in LaSalle County, Illinois.

Claimant in No. 1950, George Beetz, is the owner of the East Half (E½) of the Southwest Quarter (SW¼) of said Section Nine (9), being an eighty-acre tract lying adjacent to and immediately east of the Yenerich tract.

Prior to the 13th day of April, A. D. 1928, the physical conditions surrounding the aforementioned tracts of land, briefly stated, were as follows:

An unpaved public highway extended in a northerly and southerly direction along the west side of the Yenerich tract, and an unpaved public highway extended in an easterly and westerly direction along the south side of both tracts.

There was an open ditch on the east side of the public highway just west of the west fence line of the Yenerich tract, which ditch turned to the east at the southwest corner of said tract and extended in an easterly direction along the north side of the aforementioned east and west road, about two hundred fifty (250) feet, thence southerly across such east and west road, thence in a southerly and southwesterly di-

rection through the land known as the Hagerty farm, and on to the land known as the Guilfoyle farm.

The surface of both of the aforementioned tracts was low and quite level, but there was a slight fall to the west and southwest. The natural drainage was to the open ditch on the west side of the Yenerich tract. Both of above tracts were tile-drained;—the Beetz tract drained into and connected with the tiles on the Yenerich tract, which tiles extended in a westerly or southwesterly direction to, and (with the exception of the west two or three strings) drained into, the aforementioned open ditch on the west side of the Yenerich tract.

The drainage by way of the aforementioned open ditch on the west side of the Yenerich tract was supplemented by a 24-inch tile commencing at the southwest corner of the Yenerich tract and extending southerly under the east and west road, along the east side of the north and south road for a distance of about nine hundred (900) feet, thence southwesterly across said east and west road, and joined the natural ditch previously referred to, on the Guilfoyle farm. Such line of 24-inch tile was approximately 1,224 feet in length and was constructed some thirty or thirty-five years ago by the township and a previous owner, for the purpose of draining a sort of slough that existed there. There was a drop box or catch basin at the inlet of said 24-inch tile, and the mouth of the tile was covered by a steel grating. Concrete retaining walls were constructed around the mouth of the tile and extended therefrom both in an easterly and in a westerly direction.

The tile drainage on the Yenerich tract consisted of a string of 10-inch tile at the north end of said tract, and about eight strings of 6-inch tile at varying distances between the 10-inch tile and the south boundary line of the tract. Two or three of the most southerly lines of 6-inch tile drained into the drop box or catch basin at the intake of the 24-inch tile, and the remainder of the 6-inch tile as well as the 10-inch tile, drained into the open ditch along the west side of the Yenerich tract.

In 1928 S. B. I. Route 70 was constructed from Mendota to Rochelle, over the right-of-way of the aforementioned public highway extending northerly and southerly along the west line of the Yenerich tract. Construction work on such route

was commenced on April 13th, 1928 and the same was completed and accepted by the Division of Highways on April 25, 1929. In the construction of said S. B. I. Route 70, a tract of land approximately forty-six feet in width and 1,200 feet in length along the west side of the Yenerich tract, containing approximately 1.77 acres, was taken and used by the respondent as a borrow pit from which soil was removed for use in making fills. The bottom of this borrow pit was about a foot lower than the open ditch it replaced, and in the removal of soil from said borrow pit, each and every string of tile which drained into the former open ditch or into the catch basin was dug up.

The owners of the Yenerich tract contend that they are entitled to be compensated for 1.77 acres of land taken for a borrow pit; also for the value of a fence which was in existence along the west line of the property prior to the construction of S. B. I. Route 70 and which was not there after the improvement was completed; also that they are entitled to damages for depreciation in value of their lands which they claim has resulted from interference with the drainage system by reason of the construction of the improvement in question.

The owners of the Beetz tract contend that their property has depreciated in value as the result of the construction of S. B. I. Route 70, by reason of the interference with the drainage tile on the Yenerich tract, and that they are entitled to be compensated for the damages so sustained.

There is considerable discrepancy in the testimony as to the comparative efficiency of the tile system prior to and since the construction of S. B. I. Route 70, as well as to the extent to which such drainage system was interfered with, by the construction of such highway.

Claimants produced testimony to show that prior to the construction of S. B. I. Route 70 the field tile were in good working order, the water drained off properly, and the land raised good crops; that the 24-inch tile was in satisfactory working order and functioned properly; that the respondent in driving its heavy machinery over the 24-inch tile in the work of constructing S. B. I. Route 70, broke a number of such tile; that large sink holes afterwards appeared at the places where such breaks occurred, and that such tile thereby became obstructed; that respondent removed the steel grat-

ing from the mouth of such 24-inch tile; that as the result thereof weeds and other debris were carried into such tile and helped to obstruct the same; that the obstruction of the 24-inch tile also interfered with the efficient operation of the smaller tile; also that the respondent damaged a large number of the smaller tile by driving its tractors over them; interfered with the entire drainage system by the construction of the borrow pit and the removal of all drain tile therefrom; that by reason of such interference water does not run off the premises as it previously did; that the outlets of the tile which drained into the borrow pit, as well as the outlet of the 24-inch tile are now clogged up, and that the land has become sour and does not raise as large crops as it previously did.

The respondent produced testimony to show that some of the 24-inch tile were broken before the work of construction of S. B. I. Route 70 was commenced; that sink holes then existed above such tile; that the broken tile were removed and replaced by new 24-inch tile and the sink holes filled by the respondent before the work of construction commenced; also that other broken 24-inch tile were removed and replaced by respondent during the progress of the work or after the completion thereof; that in replacing such 24-inch tile it was noticed that the same was disintegrating and that said string of tile was practically obsolete; that the inlet to said 24-inch tile was obstructed by debris before the work of construction commenced, and that the outlet was approximately two feet below the normal stream bed on the Guilfoyle farm.

No attempt was made to agree with the owners of the Yenerich tract as to the value of the land taken for the purpose of a borrow pit, nor were any condemnation proceedings commenced in connection therewith, nor was any attempt made to agree with any of the claimants herein as to the damages, if any, to the property not taken.

Testimony was introduced by the claimant as to the cost of cleaning the tile which were obstructed, replacing those which were broken, and making such repairs as claimants considered necessary to place the drainage system in as good condition as it was prior to the time of the construction of S. B. I. Route 70. Testimony was also introduced by the respondent as to the cost of such repairs or replacements

as it considered necessary to put the several outlets of the tile on the Yenerich tract in good working condition. The estimated cost of such replacements and repairs, as made by the claimants, was $3,045.00, while the estimated cost of the repairs suggested by the respondent was $300.00.

The cost of such replacements and repairs, however, is not the proper measure of damages in this case. The proper measure of damages for land taken for public use, is the fair cash market value of the land at the time of the taking; and the proper measure of damages for land not taken but damaged for public use, is the difference between the fair cash market value of the property prior to the construction of the improvement and unaffected by it, and the fair cash market value of the property after the improvement and as affected by it. *Dept. of Public Works* vs. *McBride*, 338 Ill. 347; *Dept. of Public Works* vs. *Caldwell*, 301 Ill. 242; *Brand* vs. *Union Elevated Co.*, 258 Ill. 133.

Upon consideration of all of the evidence as to the Yenerich tract, we find as follows:

1. That the respondent has taken 1.77 acres of land off of the west side of such tract.

2. That the fair cash market value of the remainder of such tract has been depreciated as the result of the interference with the drainage thereof by the construction of S. B. I. Route 70.

3. That the owners of such tract, to-wit, Roy O. Yenerich, Wesley Yenerich, Lester Yenerich and Verda Yenerich, are entitled to compensation for the land taken, to-wit, 1.77 acres, at the rate of $210.00 per acre, to-wit, $371.70.

4. That the owners of such tract are entitled to damages for depreciation in the fair cash market value of their land as the result of the construction of S. B. I. Route 70, as aforesaid, in the sum of $2,000.00.

5. That the total of such awards is payable as follows: To Roy O. Yenerich, one-third thereof; to Wesley Yenerich, Lester Yenerich and Verda Yenerich, each two-ninths thereof. Wesley Yenerich, Lester Yenerich and Verda Yenerich being minors, their respective shares will therefore be paid to Roy O. Yenerich who is their legal guardian pursuant to appointment by the Probate Court of LaSalle County, Illinois.

Upon consideration of all of the evidence as to the Beetz tract, we find as follows:

There is no material or substantial evidence as to any damage to such tract resulting from the constructing of the improvement in question. No part of such tract is within a quarter of a mile of the center of S. B. I. Route 70. There is some evidence of a depreciation in the value of the property, but nothing to connect such depreciation with the construction of the highway in question.

As to Claim No. 1950, George Beetz, IT IS THEREFORE ORDERED that award be denied and the case dismissed.

As to Claim No. 1948, IT IS THEREFORE ORDERED that an award be entered in favor of the aforementioned owners of the Yenerich tract in the total sum of Twenty-three Hundred Seventy-one Dollars and Seventy Cents ($2,371.70), and that the same be paid as follows:

To Roy O. Yenerich, the sum of Seven Hundred Ninety Dollars and Fifty-five Cents ($790.55).

To Roy O. Yenerich, as guardian of Wesley Yenerich, the sum of Five Hundred Twenty-seven Dollars and Five Cents ($527.05).

To Roy O. Yenerich, as guardian of Lester Yenerich, the sum of Five Hundred Twenty-seven Dollars and Five Cents ($527.05).

To Roy O. Yenerich, as guardian of Verda Yenerich, the sum of Five Hundred Twenty-seven Dollars and Five Cents ($527.05).

IT IS FURTHER ORDERED that the payment of said awards be conditioned upon the execution and delivery by said claimants to the proper officers of the respondent of a deed of conveyance, conveying to the respondent the aforementioned tract of 1.77 acres so taken by the respondent for the purpose of a borrow pit as aforesaid.