(No. 2569—

Alfred H. Oetting, Claimant, vs. State of Illinois, Respondent.

Opinion filed May 13, 1941.

F. J. Tecklenburg, for claimant.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

From the complaint and the amended complaint herein, it appears that claimant is the owner in fee of Lot Sixty-six (66) in Abend's South Belleville Subdivision in and adjoining the City of Belleville, St. Clair County, Illinois; that said lot is just outside of the city limits of said City of Belleville: that pursuant to a resolution adopted by the Board of Supervisors of St. Clair County at the December, 1926 meeting of said Board, the public highway adjoining the aforementioned

lot on the south was designated as a part of the system of State Aid Roads in said County; that thereafter said route was duly accepted by the Department of Public Works and Buildings of the respondent and was known as S. B. I. Route No. 13; that on, to wit, December 20, 1933, the respondent entered into a contract with certain contractors for the grading of said highway and the construction of a hard-surfaced roadway thereon, as a Federal Aid Project; that in the construction of said highway, the grade thereof along the south side of claimant's lot was lowered seven (7) feet, and the soil was removed to within one foot of the south property line of said lot; that prior to the time of the grading of said street, same was on a level with the surface of said lot, and that as the result of such grading, the said lot became inaccessible from said street; that the respondent after lowering the grade of the street along the south line of claimant's property, also lowered the grade and surface of the street on the east side of said lot;— as a result of which the usual means of ingress and egress to and from said lot is obstructed; that the embankment along the north line of said S. B. I. Route No. 13 is being gradually washed away by the rains, and claimant's property will be further damaged unless a retaining wall is constructed without delay;—all to the damage of the plaintiff in the sum of Two Thousand Dollars ($2,000.00).

The evidence shows that the aforementioned lot of the claimant is located at the northwest corner of the intersection of two highways, one originally known as Eleventh Street, but now known as S. B. I. Route No. 13 (and sometimes as the South Belt Line), and the other known as Charles Street; that said S. B. I. Route No. 13 (Eleventh Street) extends in an easterly and westerly direction along the south side of claimant's lot; that Charles Street extends in a northerly and southerly direction along the east side of said lot; that there is an alley along the west side of said lot; that claimant purchased said lot in 1928; that such lot is improved by a two-story brick dwelling house which was built over sixty-five years ago and is situated on a hill or knoll; that along claimant's south property line, at a point fifteen feet west of the house, there are two coal sheds, and at a point twenty feet west of said coal sheds there are four frame garages which extend in a westerly direction to the alley which constitutes the west boundary line of the property.

The residence of the claimant fronts on Charles Street, but the entrance to the coal sheds and garages is from Eleventh Street.

The buildings are so constructed that the south side of the house, as well as the south side of the coal·sheds and garages, are immediately adjoining the property line, that is to say, the house, coal sheds and garages are so constructed that the south side thereof is right up to the north line of S. B. I. Route No. 13.

The evidence relative to the grade of said street prior to the construction of the hard-surfaced roadway thereon, and the extent of the lowering of the grade of such street does not substantiate the allegations of the complaint, but shows that in the construction of said S. B. I. Route the grade of the center line of said street was made one and two-tenths feet lower than it previously had been; that the travelled portion of the roadway was widened, however, and the embankment was extended to within a point four feet south of the claimant's house, being eight to ten feet closer than it previously had been, so that it appeared that the grade had been lowered considerably more than it actually had been.

The evidence also shows that the grade of Charles Street was lowered to the extent necessary for it to meet the lower grade of said S. B. I. Route.

There is no question but what the construction of said S. B. I. Route interfered to a certain extent with the access to claimant's property.

The evidence also shows that prior to the construction of said State Bond Issue Route, the claimant received approximately $25.00 per month rent for the residence, whereas subsequent to the construction of said route he received but $18.00 per month; also that prior to the construction of said improvement, each of said garages rented for $2.00 per month, and that subsequent thereto claimant was unable to rent the same.

There was some testimony to the effect that the vibration resulting from the heavy traffic on such State Bond Issue Route caused some damage to the dwelling, and rendered it less desirable for renting purposes.

Claimant's right to an award is based upon the provisions of Section 13 of Article 2 of the Constitution, which provides that private property shall not be taken or damaged

for public use without just compensation. Our courts have held in numerous cases that where property is not taken but is damaged for public use, the correct measure of damages is the difference between the fair cash market value of the property unaffected by the improvement and the fair cash market value thereof as affected by it. (*Department of Public Works* vs. *McBride*, 338 Ill. 347; *Department of Public Works* vs. *Caldwell*, 301 Ill. 242; *Brand* vs. *Union Elevator Co.*, 258 Ill. 133.)

Also that depreciation in market value will not sustain a claim for damages to land not taken, unless it is from a cause which the law regards as a basis for damages. (*Illinois Power and Light Corporation* vs. *Talbott*, 321 Ill. 538; *Rockford Electric Co.* vs. *Browman*, 339 Ill. 212.)

There is no question but what interference with the means of access to the property, and a decrease in the income derived from the property are elements to be considered in determining whether there has been a decrease in the fair cash market value thereof. However, the existence of such elements is not conclusive of the right of the claimant to an award, for the reason that notwithstanding the existence of such elements, there may have been no reduction in the fair cash market value of the property. If the construction of the improvement in question has resulted in an increase of the market value of said property, or if the market value thereof remains the same, the plaintiff is not entitled to an award for the reason that the property has not been damaged within the meaning of that word as used in the constitutional provision.

Prior to the construction of the improvement in question, claimant's property was used for residence purposes only, and it requires no stretch of the imagination to envision a condition where the property as the result of the improvement might produce less income for residence purposes, but become more valuable for business purposes;—and the controlling factor in this case is whether there has been a decrease in the fair cash market value thereof as the result of the construction of the improvement.

Claimant produced two witnesses who testified as experts on the question of damages. One witness gave it as his opinion that the property was worth $2,300.00 prior to the construction of the highway, and $1,000.00 after the construc-

tion thereof. Such witness, however, stated that the principal reason for such depreciation in value was the necessity of constructing a retaining wall and fence on the south side of the premises and the moving of the garages and sheds so that access could be had thereto, and stated also that he did not take into consideration the rental value of the residence subsequent to the construction of the highway, as he did not consider that a material point.

The other witness testified that in his opinion the property was of the value of $1,800.00 prior to the construction of the improvements and $1,000.00 subsequent to the construction thereof, and apparently based his opinion largely upon the necessity of constructing a retaining wall.

The respondent produced three witnesses who testified as experts on the question of the valuation of the property prior to and immediately after the construction of the improvement in question. Each of such witnesses gave it as his opinion that prior to the construction of the improvement in question, the property was worth $1,600.00, and that immediately after the construction of such improvement, it was of the same value, that is, that there had been no depreciation in the market value of the property as the result of the construction of such improvement. One of such witnesses had at one time owned the property, and testified that he purchased it and sold it for $1,600.00.

The court viewed the premises, and considering all of the evidence in the record, the testimony of the several witnesses as to values, and the several elements considered by them in arriving at their respective opinions, we cannot say that the claimant has sustained the burden of proof that his property has been damaged as the result of the construction of the highway in question, and award must therefore be denied.